IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERAMY R. VALENCIA                                                                                    PLAINTIFF

    v.                Civil No. 2:21-cv-02051-PKH-MEF

KILOLO KIJAKAZI[1], Acting Commissioner,
Social Security Administration                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF Nos. 23, 24). On December 3, 2021, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $6,283.00, representing a total of 30.50 attorney hours for work performed in 2021 at an hourly rate of $206.00. (ECF No. 23-1). On December 14, 2021, the Commissioner filed a response objecting to some of the hours requested. (ECF No. 25).

### I.    Discussion

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as he is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for the attorney hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable with a reduction in hours as indicated below. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

      The Commissioner argues that Plaintiff is not entitled to the 4.90 attorney hours he has requested for work performed prior to the filing of the Complaint. We disagree. An attorney is expected to be familiar with her case prior to filing a complaint in federal court. Even if she has represented the client at the administrative level, this will require her to review notes from the administrative proceedings, communicate with her client regarding the appellate process, determine whether her client is a candidate for in forma pauperis, and prepare the complaint and in forma pauperis application for filing with the court. Therefore, we will award a total of 3.00 hours for work performed prior to the filing of the Complaint, deducting 1.90 hours from the total number of hours requested.

      The Commissioner also objects to a totally of 4.40 hours for work performed between March 5, 2021, and August 13, 2021, and on November 8, 2021, and November 29, 2021, for tasks to include complaint preparation, email correspondence with the clerk, receiving and reviewing green cards and NEFs, preparation of the summons and affidavits of service, calendaring deadlines, and providing status updates to the client. The Court finds the following tasks to be clerical in nature and, therefore not compensable pursuant to the EAJA: preparing and receiving

the issued summons, email correspondence with the clerk, instructing the paralegal regarding standard operating procedures and signing off on their work, receiving and reviewing the green cards, and calendaring deadlines. *See Granville House*, *Inc. v. Dep't of Health, Educ. and Welfare*, 813 F.2d 881, 884 (8th Cir. 1987) (holding that work which could have been completed by support staff is not compensable under the EAJA). Therefore, the Court will deduct .45 attorney hours for these tasks. This Court will not, however, deduct hours for correspondence and/or communication with the client, as an attorney is ethically obligated to keep her client apprised of the status of the case and to ensure her client understands the process.

While the remaining tasks are compensable under the EAJA, the time requested for the completion of some of these tasks is excessive. *See Gay v. Berryhill*, 2018 WL 905740, at *1 (W.D. Ark. Feb. 15, 2018). It should not have taken an attorney skilled in the practice of social security law the amount of time requested for the following tasks: receipt and review of NEFs and the Court's text only Orders granting the IFP Motion and Defendant's Motions for Extension of Time; the Court's standard text only Scheduling Order; Defendant's answer; and the Order granting Defendant's Motion to Remand after counsel had both reviewed the Motion and conferred with defense counsel. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Blum v. Stenson*, 465 U.S. 886, 897 (1984) (holding the party requesting EAJA fees has the burden of "showing that the claimed rate and number of hours are reasonable"). Accordingly, the Court will reduce the time awarded for these tasks by 1.15 attorney hours.

Therefore, the Court finds that Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,562.00 (27.00 (30.50-3.50) X $206.00). Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by Plaintiff's counsel, this EAJA fee award will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II. Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$5,562.00** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 16th day of December 2021.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE